UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-24546-MGC

LOURDES GARCIA, and
others similarly situated,

    Plaintiff(s),

vs.

MORRIS & REYNOLDS, INC., a
Florida Profit Corporation,
ROBERT D. REYNOLDS, individually,
and JULIANNE REYNOLDS, individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, LOURDES GARCIA, and Defendants, MORRIS & REYNOLDS, INC. and ROBERT D. REYNOLDS,[1] hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

Garcia filed the instant action against Defendants alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). Specifically, Garcia alleged she was owed unpaid "overtime and/or minimum wages" under the FLSA, as well as "gap time" pay for hours worked above 38 hours per week and below 40. Defendants removed the lawsuit to this Court [D.E. 1]. Defendants strongly deny Garcia's allegations.[2]

---

[1] On May, 26, 2016, the Court entered an Order Dismissing Julianne Reynolds from the lawsuit, with prejudice. [D.E. 18].

[2] In Garcia's Response in Opposition to Defendants' Case Dispositive Motion for Summary Judgment [D.E. 22], Garcia withdrew her claim for "gap time" pay and for alleged minimum wage violations, leaving only her claim for purported unpaid overtime wages in dispute.

#5081702 v1

On July 5, 2016, the parties attended mediation and, to avoid the uncertainty and continued costs of litigation, reached a settlement agreement with no admission of liability. The parties memorialized the agreement in a document titled Confidential Settlement Agreement ("Agreement"). A copy of the Agreement has been provided to the Court for *in camera* review.

## MEMORANDUM OF LAW

As a general rule, the FLSA's provisions are "mandatory," meaning that they generally are not subject to negotiation or bargaining between employer and employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), *citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). There are two ways, however, that FLSA claims *may* be settled, compromised, or released by an employee. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which does apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FTM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same). When asked to review and approve the

#5081702 v1

terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

The parties respectfully request that the Court approve the Agreement provided to the Court for *in camera* review and dismiss Garcia's FLSA action with prejudice, each party to bear its own costs, fees, and expenses (except as otherwise set forth in the Agreement with respect to attorneys' fees). The parties respectfully submit that the agreed-upon terms of the Agreement are fair and reasonable in light of the relevant factors. *Id.* at 1145-46.

WHEREFORE, Plaintiff, LOURDES GARCIA and Defendants, MORRIS & REYNOLDS, INC. and ROBERT D. REYNOLDS, respectfully request that this Court enter an Order: (i) approving the Agreement; (ii) finding that the Agreement is a fair and reasonable resolution of this matter; (iii) dismissing this action with prejudice; and (iv) any such other and further relief the Court deems equitable and just.

A proposed Order is attached hereto as Exhibit "A".

Dated: July 13, 2016
      Miami, Florida

Respectfully submitted,

/s/ Brody M. Shulman
Brody M. Shulman, Esq.
Fla. Bar No.: 092044
Email: bshulman@rgpattorneys.com
Jason S. Remer, Esq.
Florida Bar No.: 0165580
Email: jremer@rgpattorneys.com

REMER & GEORGES PIERRE, PLLC
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*Attorney for Plaintiff*

/s/ Bayardo E. Aleman
ROBERT TURK, ESQUIRE
Florida Bar No. 261343
Email: rturk@stearnsweaver.com
BAYARDO E. ALEMAN
Florida Bar No. 028791
Email: baleman@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
  ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: 305-789-3200
Facsimile: 305-789-3395

*Attorneys for Defendants*